IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| JASON W. CRAWFORD and NATALIE J. CRAWFORD, | ) ) ) | Civil Action No.: 01:07-CV-00832 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **NOTICE OF REMOVAL** |
| AMERIQUEST MORTGAGE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of, and removes, the action commenced by plaintiffs Jason W. and Natalie J. Crawford ("Plaintiffs") in the General Court of Justice, Superior Court Division, for Orange County, North Carolina, styled <u>Jason W. Crawford and Natalie J. Crawford, Plaintiffs v. Ameriquest Mortgage Company and Citi Residential Lending, Inc., Defendants</u>, File No. 07 CvS 1435 (the "State Court Action") to this Court based on diversity jurisdiction. As grounds for the removal of this action, Ameriquest states as follows:

1. Plaintiffs commenced the State Court Action on October 1, 2007 by filing a Complaint in the General Court of Justice, Superior Court Division of Orange County, as Civil Action 07 CvS 1435. A true and accurate copy of the Complaint, together with a copy of Civil Summons to Ameriquest, is attached hereto as part of Exhibit A.

2. On October 3, 2007, Ameriquest was served with a Summons and Complaint in the State Court Action by certified mail sent to National Registered Agents, Inc., its registered agent, such service representing Ameriquest's first receipt of the initial pleading.

3. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, and orders that have been served upon defendant Ameriquest in the State Court Action.

4. Plaintiffs have filed a notice of dismissal in the State Court Action as to defendant Citi Residential Lending, Inc., a copy of which is attached hereto as part of Exhibit A.

5. The United States District Court for the Middle District of North Carolina has original jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. As shown below, complete diversity of citizenship exists between Plaintiffs and Ameriquest, and the $75,000 amount in controversy requirement is met. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. Plaintiffs have alleged in their Complaint that they are citizens and residents of Orange County, North Carolina. (Complaint, ¶¶ 1, 3.) Plaintiffs have alleged in their Complaint that Ameriquest and former defendant Citi Residential Lending, Inc. are Delaware corporations. (Complaint, ¶¶ 9, 15.)

7. Ameriquest is now and was at the time of the filing of the Complaint, and at all intervening times, a Delaware corporation with its principal place of business in Orange, California.

8. Though no longer a party to this action, former defendant Citi Residential Lending, Inc. is now and was at the time of the filing of the Complaint, and at all intervening

times, a Delaware corporation with its principal place of business in a state other than North Carolina.

9. Accordingly, for jurisdictional purposes, there is complete diversity between Plaintiffs and defendants, and no defendant is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1).

10. Plaintiffs' Complaint also meets the $75,000 amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

11. Plaintiffs seek reformation of a Note alleged to be in the total amount of $170,075.00 and recovery of money damages from Ameriquest. (Complaint, ¶ 56.) More specifically, Plaintiffs assert fraud and unfair and deceptive trade practice claims against Ameriquest, and in addition to seeking reformation of the Note and recovery of compensatory damages in excess of $10,000, they seek to have these damages trebled, and they seek attorney's fees pursuant to state statute as well. (Complaint, ¶¶ 85, 88.)

12. The amount in controversy requirement is met when a removing party demonstrates by a preponderance of the evidence that the damages alleged in the plaintiff's Complaint could exceed $75,000. *Dash v. FirstPlus Home Loan Trust 1996-2,* 248 F.Supp.2d 489, 497 (M.D.N.C. 2003); *Hooks v. Am. Med. Sec. Life Ins. Co.,* No. 3:06-CV-00071, 2006 WL 2504903, *1 (W.D.N.C. Aug. 29, 2006); *Prentiss v. Allstate Ins. Co.,* 87 F.Supp.2d 514, 517 n.1 (W.D.N.C. 1999). In determining whether the amount in controversy is met, the court may consider the entire record, including the Complaint, the removal petition, and affidavits. *Dash,* 248 F.Supp.2d at 498-99. "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Bradley v. Advanced Tech. Servs.,* 2007 WL 36116, *2 (W.D.N.C.

May 17, 2007). Here, Plaintiffs seek reformation of a Note alleged to be in the total amount of $170,075.00.

13. Where, as here, plaintiffs seek statutory treble damages, the potential for trebling is taken into account in assessing whether the amount in controversy has been met. *Dash,* 248 F.Supp.2d at 499; *Hooks,* 2006 WL 2504903, at *2; *Brooks v. Chrysler Fin. Co., LLC,* No. 5:05CV36-H, 2005 WL 2122651, *2 (W.D.N.C. Aug. 31, 2005).

14. Plaintiffs also have requested attorneys' fees pursuant to Section 75-16.1, North Carolina General Statutes. (*See, e.g.,* Complaint, ¶ 88.) Attorneys' fees claimed under a statutory provision are included as part of the amount in controversy for purposes of diversity jurisdiction. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933), *Spielman v. Genzyme Corp.,* 251 F.3d 1, 7 (1st Cir. 2001); *Manguno v. Prudential Property & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy."); *Burdette v. Reliastar Life Ins. Co.,* No. 2:06-0210, 2006 WL 1644234, *2 (S.D.W.V. June 12, 2006) (attorneys' fees are included in the amount in controversy "where the fees are provided for by contract or where a statute mandates or allows the payment of such fees."). *See Dash*, 248 F.Supp.2d at 499 n.10 ("even without attaching specific amounts to these [attorney fee] damage components, … that plaintiffs have requested such damages adds to the action's potential value, and therefore, provides further evidence that defendants have demonstrated, by a preponderance of the evidence, that the total potential value exceeds the requisite amount in controversy.").

15. In sum, because complete diversity of citizenship exists between Plaintiffs and defendant in this action, and the amount in controversy plainly exceeds $75,000.00, exclusive

of interest and costs, this Court has diversity jurisdiction and this action is removable pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a).

16. In accordance with 28 U.S.C. § 1446(a), the United States District Court for the Middle District of North Carolina is the district and division within which the State Court Action is pending.

17. A copy of the written notice required by 28 U.S.C. § 1446(d) addressed to the Plaintiffs and to the Clerk of Superior Court of Orange County, North Carolina, is attached hereto as Exhibit B. Such notice will be promptly filed in the State Court Action and served upon the Plaintiffs' counsel.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that this Court assume jurisdiction over this matter to the exclusion of any further proceedings in said state court.

This the 1st day of November, 2007.

       /s/ Michael J. Allen
Michael J. Allen
NC State Bar No. 18030
CARRUTHERS & ROTH, P.A.
P.O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Email: MJA@crlaw.com

**AND**

Michael L. Wachtell
*Special Appearance Pending*
Karen L. Stevenson
*Special Appearance Pending*
BUCHALTER NEMER
1000 Wilshire Blvd. Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Email: mwachtell@buchalter.com
kstevenson@buchalter.com
**ATTORNEYS FOR DEFENDANT
AMERIQUEST MORTGAGE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing NOTICE OF REMOVAL was served upon the parties by placing a copy thereof in a depository of the United States Post Office, postage prepaid, addressed to the following attorney of record:

Carlos E. Mahoney, Esq.
GLENN, MILLS & FISHER, P.A.
P.O. Drawer 3865
Durham, NC  27702-3865

This the 1st day of November, 2007.

____/s/ Michael J. Allen_____
Michael J. Allen
One of the Attorneys for Defendant
Ameriquest Mortgage Company