IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| JASON W. CRAWFORD and NATALIE J. CRAWFORD, | ) ) ) | Civil Action No.: 01:07-CV-00832 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ANSWER** |
| AMERIQUEST MORTGAGE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

Defendant Ameriquest Mortgage Company ("Ameriquest") hereby answers the Complaint of Plaintiffs Jason W. Crawford and Natalie J. Crawford (collectively, "Plaintiffs") as follows:

1.      Answering Paragraph 1 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

2.      Answering Paragraph 2 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

3.      Answering Paragraph 3 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

4.      Answering Paragraph 4 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

5. Answering Paragraph 5 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

6. Answering Paragraph 6 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

7. Answering Paragraph 7 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it it.

8. Answering Paragraph 8 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

9. Answering Paragraph 9 of the Complaint, Ameriquest admits this allegation.

10. Answering Paragraph 10 of the Complaint, Ameriquest admits it has a registered agent located in Wake County, N.C. Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Ameriquest admits that Ameriquest Mortgage Company was licensed in the state of North Carolina on January 4, 2003. In addition, Ameriquest's Greensboro branch was licensed on February 25, 2003. Except as expressly admitted herein, Ameriquest denies the remaining allegations in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Ameriquest denies it acted as a mortgage broker but admits that it acted as a mortgage lender in originating a mortgage loan to Plaintiffs. Ameriquest denies any remaining allegations contained in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, Ameriquest denies the allegations therein.

14. Answering Paragraph 14 of the Complaint, Ameriquest admits that the Note is secured by a Deed of Trust as to the real property located at 1127 Crawford Dairy Rd., Chapel Hill, North Carolina 27516.

15. Answering Paragraph 15 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

16. Answering Paragraph 16 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

17. Answering Paragraph 17 of the Complaint, Ameriquest admits that Citi Residential Lending recently assumed the servicing rights on Plaintiffs' loan.  Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 17.

18. Paragraph 18 is a statement of Plaintiffs' objective in bringing this lawsuit and does not allege facts for Ameriquest to admit or deny.

19. Paragraph 19 is a statement of Plaintiffs' objective in bringing this lawsuit and does not allege facts for Ameriquest to admit or deny.

20. Paragraph 20 is a statement of Plaintiffs' objective in bringing this lawsuit and does not allege facts for Ameriquest to admit or deny.

21. Ameriquest re-alleges and incorporates paragraphs 1 through 20 of its Answer as though fully stated herein.

22. Answering Paragraph 22 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

23. Answering Paragraph 23 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

24. Answering Paragraph 24 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

25. Answering Paragraph 25 of the Complaint, Ameriquest admits an application was submitted for a 30-year mortgage loan in the amount of $170,075.00. Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 25.

26. Answering Paragraph 26 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

27. Answering Paragraph 27 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

28. Answering Paragraph 28 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

29. Answering Paragraph 29 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

30. Answering Paragraph 30 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

31. Answering Paragraph 31 of the Complaint, Ameriquest denies the allegations therein.

32. Answering Paragraph 32 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

33. Answering Paragraph 33 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

34. Answering Paragraph 34 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

35. Answering Paragraph 35 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

36. Answering Paragraph 36 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

37. Answering Paragraph 37 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

38. Answering Paragraph 38 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

39. Answering Paragraph 39 of the Complaint, Ameriquest denies the allegations therein.

40. Answering Paragraph 40 of the Complaint, Ameriquest denies the allegations therein.

41. Answering Paragraph 41 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

42. Answering Paragraph 42 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

43. Answering Paragraph 43 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis, denies it.

44. Answering Paragraph 44 of the Complaint, Ameriquest admits that a loan closing occurred on November 6, 2004. Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 44.

45. Answering Paragraph 45 of the Complaint, Ameriquest denies the allegations therein.

46. Answering Paragraph 46 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 46, Ameriquest lacks sufficient knowledge or information or to form a belief as to the truth of these allegations, and on that basis, denies them.

47. Answering Paragraph 47 of the Complaint, Ameriquest denies the allegations therein.

48. Answering Paragraph 48 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 48, Ameriquest lacks sufficient knowledge or information or to form a belief as to the truth of these allegations, and on that basis, denies them.

49. Answering Paragraph 49 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 49, Ameriquest lacks sufficient knowledge

or information or to form a belief as to the truth of these allegations, and on that basis, denies them.

50. Answering Paragraph 50 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 50, Ameriquest lacks sufficient knowledge or information or to form a belief as to the truth of these allegations, and on that basis, denies them.

51. Answering Paragraph 51 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 51, Ameriquest lacks sufficient knowledge or information or to form a belief as to the truth of these allegations, and on that basis, denies them.

52. Answering Paragraph 52 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 52, Ameriquest lacks sufficient knowledge or information or to form a belief as to the truth of these allegations, and on that basis, denies them.

53. Answering Paragraph 53 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 53, Ameriquest lacks sufficient knowledge or information or to form a belief as to the truth of these allegations, and on that basis, denies them.

54. Answering Paragraph 54 of the Complaint, Ameriquest denies the allegations therein.

55. Answering Paragraph 55 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 55, and on that basis, denies them.

56. Answering Paragraph 56 of the Complaint, Ameriquest admits that the principal amount of the Note is $170,075.00. Except as expressly alleged herein, Ameriquest denies the remaining allegations of Paragraph 56.

57. Answering Paragraph 57 of the Complaint, Ameriquest denies the allegations therein.

58. Answering Paragraph 58 of the Complaint, Ameriquest denies the allegations therein.

59. Answering Paragraph 59 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 59, and on that basis, denies them.

60. Answering Paragraph 60 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 60, and on that basis, denies them.

61. Answering Paragraph 61 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 61, and on that basis, denies them.

62. Answering Paragraph 62 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 62, and on that basis, denies them.

63. Answering Paragraph 63 of the Complaint, Ameriquest denies the allegations therein.

64. Answering Paragraph 64 of the Complaint, Ameriquest denies the allegations therein.

65. Answering Paragraph 65 of the Complaint, Ameriquest admits that Plaintiffs are not in default on their mortgage loan, but are delinquent. Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 65.

66. Answering Paragraph 66 of the Complaint, Ameriquest denies the allegations therein.

67. Answering Paragraph 67 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 and on that basis, denies them.

68. Answering Paragraph 68 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 68 and on that basis, denies them.

69. Answering Paragraph 69 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 69 and on that basis, denies them.

70. Ameriquest re-alleges and incorporates paragraphs 1 through 69 as though fully set forth herein.

71. Answering Paragraph 71 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 71, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, denies them.

72. Answering Paragraph 72 of the Complaint, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 72 and on that basis, denies them.

73. Answering Paragraph 73 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 73, Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, denies them.

74. Answering Paragraph 74 of the Complaint, Ameriquest denies the allegations therein to the extent they are based on an allegation that Teresa K. Aull was Ameriquest's agent. As to the remaining allegations in Paragraph 74, Ameriquest Ameriquest lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, denies them.

75. Answering Paragraph 75 of the Complaint, Ameriquest denies the allegations therein.

76. Answering Paragraph 76 of the Complaint, Ameriquest denies the allegations therein.

77. Answering Paragraph 77 of the Complaint, Ameriquest denies the allegations therein.

78. Answering Paragraph 78 of the Complaint, Ameriquest denies the allegations therein.

79. Paragraph 79 states Plaintiffs' request for reformation and does not allege facts for Ameriquest to admit or deny.

80. Ameriquest re-alleges and incorporates paragraphs 1 through 79 as though fully set forth herein.

81. Answering Paragraph 81 to the Complaint, Ameriquest admits that it operated a residential mortgage lending business at the time Plaintiffs obtained their mortgage loan from Ameriquest. Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 81.

82. Answering Paragraph 82 of the Complaint, Ameriquest denies the allegations therein.

83. Answering Paragraph 83 of the Complaint, Ameriquest's origination of a mortgage loan to Plaintiffs was in commerce. Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 83.

84. Answering Paragraph 84 of the Complaint, Ameriquest denies the allegations therein.

85. Answering Paragraph 85 of the Complaint, Ameriquest denies the allegations therein.

86. Answering Paragraph 86 of the Complaint, Ameriquest admits that Plaintiffs have requested a refinance of their mortgage. Except as expressly admitted herein, Ameriquest denies the remaining allegations of Paragraph 86.

87. Answering Paragraph 87 of the Complaint, Ameriquest denies the allegations therein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fail to state claims upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their damages.

7. Plaintiffs' claims are barred or limited because the conduct complained of resulted from a bona fide error.

8. Plaintiffs claims are barred, in whole or in part, because any acts or failure to act on the part of Ameriquest were excused by the actions of Plaintiffs or others.

9. Plaintiffs are not entitled to any relief and/or recovery of damages from Ameriquest as Ameriquest was privileged to do any and all acts and/or omissions alleged in the Complaint.

10. Plaintiffs' injuries, if any, were proximately caused by the negligence, willful acts or liability of persons who are, and are not, parties to this action and Ameriquest requests that an allocation of such negligence and liability be made among such other parties, and non-parties, and if any liability is found on the part of Ameriquest, a judgment be only the amount that is proportionate to the effect and percentage by which Ameriquest's acts or commissions contributed to Plaintiffs' damages in accordance with principles of equitable indemnity and comparative contribution.

11. Plaintiffs' claims based on any alleged oral modification or agreement are barred by the Parol Evidence Rule.

12. Plaintiffs' claims are barred, in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Ameriquest, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

13. Ameriquest alleges that at all times relevant to this action, Ameriquest acted within the course and scope of reasonable commercial standards and legitimate business transactions.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Ameriquest alleges that no officer, director, or managing agent of Ameriquest ratified the conduct alleged by Plaintiffs.

16. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

17. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

18. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

19.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Ameriquest described in the Complaint.

20.     Plaintiffs' claims are barred in whole or in part, because any alleged wrongful acts or omissions of Ameriquest were the result of the ultra vires acts of its employees.

21.     Ameriquest alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Ameriquest requests that this Court enter judgment in its favor and against Plaintiffs, award Ameriquest its costs, and provide such further and additional relief as the Court deems just and appropriate.

This the 8th day of November, 2007.

      /s/ Michael J. Allen
Michael J. Allen
NC State Bar No. 18030
CARRUTHERS & ROTH, P.A.
P.O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Email:  MJA@crlaw.com

**AND**

Michael L. Wachtell
 *Pro Hac Vice Pending*
Karen L. Stevenson
*Pro Hac Vice Pending*

BUCHALTER NEMER
1000 Wilshire Blvd. Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

**ATTORNEYS FOR DEFENDANT
AMERIQUEST MORTGAGE COMPANY**

BN 1483993v1

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Carlos E. Mahoney, Esq.
        GLENN, MILLS & FISHER, P.A.
        P.O. Drawer 3865
        Durham, NC  27702-3865

        This the 8th day of November, 2007.


                      /s/ Michael J. Allen
                      Michael J. Allen
                      One of the Attorneys for Defendant
                      Ameriquest Mortgage Company