IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| JASON W. CRAWFORD and NATALIE J. CRAWFORD,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 01:07-CV-00832<br><br><br><br><br>**DEFENDANT'S BRIEF IN SUPPORT OF**<br>**MOTION TO STAY ALL PROCEEDINGS** |

## I.  INTRODUCTION

Defendant Ameriquest Mortgage Company ("Defendant"), through counsel and pursuant to LR 7.3, submits this brief in support of Defendant Ameriquest Mortgage Company's Motion to Stay all Proceedings (the "Motion to Stay"), and all related deadlines in anticipation of the effective date of transfer of this action, as a "tag along" or related matter, by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to the Multidistrict Litigation Proceeding entitled *In re Ameriquest Mortgage Company Lending Practices Litigation*, Case No. 1:05-CV-07097 ("MDL 1715"), pending in the United States District Court for the Northern District of Illinois. In accordance with its obligations under Rules 1.1, 7.4, and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("MDL Rules"), Defendant has identified this case to the MDL Panel as a potential tag-along action. A copy of the Tag-Along notice dated November 20, 2007 is attached hereto as Exhibit A. Defendant has previously designated in excess of 300 other cases raising similar issues related to Ameriquest loan origination practices as related matters. The vast majority of these cases have already been transferred to the MDL Panel. On December 17, 2007, the Clerk of the MDL Panel filed a Conditional Transfer Order (CTO-34) (hereinafter, "CTO-34"), providing for the conditional transfer of this action to MDL 1715. A copy of CTO-34 is attached hereto as Exhibit B.

Good cause exists to grant the Motion to Stay because the central issues in this case are similar to the central issues in many of the cases already transferred to MDL 1715, as evidenced by CTO-34. As the MDL Panel noted in its original Transfer Order creating the centralized MDL litigation, "[c]entralization … is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, including those with respect to class certification, and conserve the resources of the parties, their counsel and the judiciary." 408 F.Supp.2d 1354 (J.P.M.L. 2005)

Good cause further exists because staying this action pending the effective date of transfer will preserve judicial resources and avoid any prejudice to Defendant. Since Plaintiffs only recently filed this lawsuit on October 1, 2007, there is no prejudice to Plaintiffs if the Court enters a temporary stay. Accordingly, the proceedings in this case should be stayed pending the effective date of transfer of this action to MDL 1715.

## II.   STATEMENT OF FACTS

### A.   The Instant Action and Factual Grounds for a Stay

Plaintiffs Jason W. and Natalie J. Crawford ("Plaintiffs") filed the instant lawsuit on or about October 1, 2007. Plaintiffs allege claims for breach of contract arising from Ameriquest's alleged failure to provide adequate disclosures regarding the terms of plaintiffs' adjustable rate mortgage loan and engaging in predatory lending practices.

Because this lawsuit is in its infancy – no discovery has yet been served and the parties have not yet submitted FRCP Rule 26 initial disclosures – a temporary stay order will not prejudice Plaintiffs. To the contrary, Defendant will be prejudiced if forced to spend resources in the instant action before the effective date of transfer under CTO-34. Proceeding in this lawsuit will also waste judicial resources in this District if the MDL Panel later transfers the lawsuit.

### B.   The MDL Proceeding

On or about July 1, 2005, plaintiffs in *Cheryl Williams and Duvall Naughton, et al. v. Ameriquest Mortgage Company*, Civil Action No. 1-05-6189 (S.D.N.Y.), filed a Motion to

Transfer for Coordination and/or Consolidation Pursuant to 28 U.S.C. Section 1407 ("Transfer Motion"), seeking transfer of their action and the following four other actions to the Central District of California for coordinated or consolidated pretrial proceedings: *Burggraff, et al. v. Ameriquest Capital Corporation, et al.*, Civil Action No. 2-04-9715 (C.D. Cal.); *Knox, et al. v. Ameriquest Mortgage Company, et al.,* Civil Action No. 3-05-240 (N.D. Cal.); *Murphy, et al. v. Ameriquest Mortgage Company,* Civil Action No. 1-04-12651 (D. Mass.); and *Latonya Williams, et al. v. Ameriquest Mortgage Company*, Civil Action No. 8-05-1036 (M.D. Fla.).

On December 13, 2005, the MDL Panel issued the Transfer Order transferring all five actions identified in the Transfer Motion to the Transferee Court pursuant to 28 U.S.C. Section 1407 for coordinated or consolidated pretrial proceedings.  *See* 408 F.Supp.2d 1354

In the Transfer Order, the MDL Panel held as follows:

> On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties.

*Id*. at 1355.

The MDL Panel has issued over 30 Conditional Transfer Orders, including CTO-34, conditionally transferring approximately 312 actions against Defendant to the Transferee Court for coordinated or consolidated pretrial proceedings with those actions previously transferred pursuant to the Transfer Order.

### III.   THE MDL RULES

Defendant is required to seek removal of this lawsuit to MDL 1715 under the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  Specifically, Rule 1.1 states that "[a]

'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under" Title 28 U.S.C. § 1407. Under Rule 7.4, the Clerk of the MDL Panel may issue an order transferring tag-along actions to the previously designated transferee court, i.e. MDL 1715.

Rule 7.5(e) states that "[a]ny party or counsel in actions previously transferred under Section 1407 or under consideration by the MDL Panel for transfer under Section 1407 ***shall promptly*** notify the Clerk of the MDL Panel of any potential 'tag-along actions' in which that party is also named or in which that counsel appears." [Emphasis added]. Thus, under the Rules, Defendant must identify this lawsuit as a potential tag-along action by seeking its removal to MDL 1715. As a result, the MDL issued CTO-34.

### IV.    CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant its Motion and issue a temporary stay pending the effective date of the MDL Panel's Conditional Transfer Order (CTO-34) transferring this lawsuit to MDL 1715.

This the 21st day of December, 2007.

        ___/s/ Michael J. Allen_____
Michael J. Allen
NC State Bar No. 18030
CARRUTHERS & ROTH, P.A.
P.O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Email:  MJA@crlaw.com

**AND**

Michael L. Wachtell
*Special Appearance Pending*
Karen L. Stevenson
*Special Appearance Pending*
BUCHALTER NEMER
1000 Wilshire Blvd. Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700

Facsimile: (213) 896-0400

**ATTORNEYS FOR DEFENDANT
AMERIQUEST MORTGAGE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Defendant's Brief in Support of Motion to Stay All Proceedings with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Carlos E. Mahoney, Esq.
>GLENN, MILLS & FISHER, P.A.
>P.O. Drawer 3865
>Durham, NC  27702-3865

This the 21st day of December, 2007.

>_____/s/ Michael J. Allen_____
>Michael J. Allen
>One of the Attorneys for Defendant
>Ameriquest Mortgage Company