## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Jason W. Crawford and Natalie J. Crawford v. Ameriquest Mortgage Company, et al.*; Case No. 1:08-CV-176 | |

### DEFENDANT WM SPECIALTY MORTGAGE, LLC'S ANSWER
### AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs JASON W. CRAWFORD and NATALIE J. CRAWFORD ("Plaintiffs") Amended Complaint as follows.

### AMENDED COMPLAINT
### (Jury Trial Demanded)

NOW COME Plaintiffs, complaining of Defendants, and allege and say as follows:

### INTRODUCTION

1.      On November 6, 2004, Plaintiffs executed a promissory note for a 2-year adjustable rate mortgage in reliance upon material misrepresentations by Defendant Ameriquest Mortgage Company and its agent Defendant Mortgage Information Services, Inc.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and on that basis denies such allegations.**

2.      Plaintiffs assert this civil action under North Carolina law in order to reform the promissory note on the basis of fraud and to recover monetary damages from Defendants

- 1 -

Ameriquest Mortgage Company and Mortgage Information Services, Inc., jointly and severally as a civil conspiracy or individually (if no civil conspiracy is found), for their unfair and deceptive acts and practices during the loan process.

**ANSWER:**    **Defendant admits that Plaintiffs have filed a lawsuit.  Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company.  Defendant denies all remaining allegations of Paragraph 2.**

## JURISDICTION AND VENUE

3.    Plaintiffs originally filed this civil action against Defendant Ameriquest Mortgage Company (hereinafter referred to as "Defendant Ameriquest") in the Superior Court of Orange County, North Carolina.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.    On November 1, 2007, Defendant Ameriquest removed the action to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1332.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.    On January 28, 2008, the civil action was transferred to the United States District Court for the Northern District of Illinois as a tag-along action to the Ameriquest Mortgage Co. Mortgage Lending Practices Litigation in MDL No. 1715.

**ANSWER:**    **Defendant does not contest subject matter jurisdiction or venue.  Defendant admits that this action was transferred to the United States District Court for the Northern District of Illinois pursuant to an order of the Judicial Panel on Multidistrict Litigation.**

## PARTIES

6.    Plaintiff Jason W. Crawford is a citizen and resident of Orange County, North Carolina.

BN 1917888v1

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.     Plaintiff Jason W. Crawford was born on March 29, 1976 and he is presently 32 years old.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     Plaintiff Natalie J. Crawford is a citizen and resident of Orange County, North Carolina.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Plaintiff Natalie J. Crawford was born on December 24, 1977 and she is presently 30 years old.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.     Plaintiffs are married to one another and have two young children.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Plaintiffs are the owners of real property located at 1127 Crawford Dairy Road, Chapel Hill, North Carolina 27516 and described with greater particularity in a Deed that was recorded in Book 2045 at Page 159 of the Orange County Registry (hereinafter referred to as the "Property").

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

BN 1917888v1

12.    Plaintiffs' Property consists of a one-story manufactured home and approximately two acres of land.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.    Plaintiffs purchased the Property in 2000 for $110,000.00.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.    Defendant Ameriquest is a Delaware corporation that is duly licensed to conduct business in the State of North Carolina. Its registered agent in North Carolina is National Registered Agents, Inc., 120 Penmarc Drive, Raleigh, NC 27603.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.    At all times relevant to this Amended Complaint, Defendant Ameriquest was duly licensed by the North Carolina Commissioner of Banks as a mortgage lender and engaged in the business of residential mortgage lending.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.    In its dealings with Plaintiffs, as alleged herein, Defendant Ameriquest acted as a mortgage broker and mortgage lender as those terms are defined under N.C. Gen. Stat. §55-243.01 of the North Carolina Mortgage Lending Act.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.    Defendant Mortgage Information Services, Inc. (hereinafter referred to as "Defendant MIS") is an Ohio corporation that is duly licensed to conduct business in the State of

- 4 -

North Carolina. Its registered agent in North Carolina is CT Corporation System, 225

Hillsborough, Street, Raleigh, NC 27603.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.   In its dealings with Plaintiffs, as alleged herein, Defendant MIS acted as

Defendant Ameriquest's agent.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.   Defendant WM Specialty Mortgage LLC is a Delaware limited liability company.

Its registered agent in Delaware is Corporation Service Company, 2711 Centerville Road, Suite

400, Wilmington, DE 19808.

**ANSWER:** **Defendant admits that it is a foreign limited liability company.  Defendant does not dispute service.**

20.   Defendant Ameriquest is the legal holder of an Adjustable Rate Note that was

executed by Plaintiffs on November 6, 2004 (hereinafter referred to as the "Note").

**ANSWER:** **Defendant admits it holds legal title to Plaintiffs' loan.  Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 20 and on that basis denies such allegations.**

21.   In the alternative, Defendant WM Specialty Mortgage LLC is the legal holder of

the Note.

**ANSWER:** **Defendant admits that it currently holds interest, right or title in Plaintiffs' loan.  Defendant denies any remaining allegations of Paragraph 11.**

22.   The Note is secured by a Deed of Trust on Plaintiffs' Property.

**ANSWER:** **Defendant admits that the Note is secured by a Deed of Trust on Plaintiffs' Property.  Defendant denies any remaining allegations of Paragraph 22.**

BN 1917888v1

23.    Defendants WM Specialty Mortgage LLC is solely named in this action as a necessary party.

**ANSWER:    Because Paragraph 23 states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis denies such allegations.  Defendant denies any wrongdoing and denies any liability to the Plaintiffs.**

## FACTUAL ALLEGATIONS

24.    The allegations set forth in the preceding paragraphs are incorporated herein by reference.

**ANSWER:    Defendant incorporates its answers to paragraphs 1-23 in response to this paragraph.**

25.    In October, 2004, Plaintiffs had a fixed rate mortgage on their Property with an outstanding balance of $95,854.64.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.    During the week of October 11th, Plaintiffs attended the North Carolina State Fair and picked up an Ameriquest pamphlet which advertised Ameriquest's mortgage opportunities.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.    On or about October 16, 2004, Plaintiffs examined Ameriquest's website and submitted an online application to refinance their residential mortgage while consolidating approximately $31,000.00 of consumer debt.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

BN 1917888v1

28.    In their application, Plaintiffs requested a 30-year fixed rate mortgage in the amount of $126,889.96.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.    After receiving the application, Defendant Ameriquest neglected to provide Plaintiffs with (1) an HUD-approved special information booklet and (2) a good faith estimate of the settlement costs.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.    On or about October 18, 2004, a male Ameriquest employee contacted Plaintiff Natalie J. Crawford (referred to herein as "Plaintiff Natalie Crawford") to discuss their online application.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.    During their conversation, Plaintiff Natalie Crawford told the Ameriquest employee that Plaintiffs were interested in a 30-year fixed rate mortgage.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.    In response, the employee said that Ameriquest would appraise the Property in order to determine the type of mortgage that Ameriquest could offer Plaintiffs.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.    A few hours later, the Ameriquest employee called Plaintiff Natalie Crawford and told her that Plaintiffs' Property had appraised for $203,000.00.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis denies such allegations.

34.    Upon information and belief, and unbeknownst to Plaintiffs, the appraisal was not conducted in accordance with the Uniform Standards of Professional Appraisal Practice and had no basis in fact.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis denies such allegations.

35.    The appraisal was completed by Defendant Ameriquest in order to induce Plaintiffs into borrowing more money than they otherwise intended.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and on that basis denies such allegations.

36.    Because of the appraisal, Plaintiffs ultimately decided to borrow approximately $40,000.00 more from Defendant Ameriquest in order to consolidate all of their remaining consumer debt.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis denies such allegations.

37.    After he communicated the Property's appraised value, the Ameriquest employee began pressuring Plaintiff Natalie Crawford to borrow greater sums of money under a 2-year adjustable rate mortgage ("ARM") with an initial 6.1% per annum interest rate.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of 37 and on that basis denies such allegations.

38.    Plaintiff Natalie Crawford told the Ameriquest employee that she and her husband were not interested in a 2-year ARM and that they wanted a 30-year fixed rate mortgage.

BN 1917888v1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis denies such allegations.

39.    The Ameriquest employee responded by telling Plaintiff Natalie Crawford that she and her husband qualified for an Ameriquest program which allowed them to convert, within two years, the 2-year ARM to a 30-year fixed rate mortgage at a rate better than 6.1% (hereinafter referred to as the "Ameriquest Program" or "Program").

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis denies such allegations.

40.    The Ameriquest employee told Plaintiff Natalie Crawford that in order to complete the conversion, she simply needed to call Ameriquest a couple months before the initial 2-year term was set to expire on the ARM.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis denies such allegations.

41.    In addition, the Ameriquest employee assured Plaintiff Natalie Crawford that the Ameriquest Program was in her family's best interests and that he was encouraging all of his clients who qualified for the Program to take advantage of it.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis denies such allegations.

42.    Unbeknownst to Plaintiffs, the representations of Defendant Ameriquest's employee concerning the Ameriquest Program were false, misleading, and intended to induce Plaintiffs into accepting a two-year ARM with Defendant Ameriquest.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies such allegations.

BN 1917888v1

43.    Upon information and belief, Defendant Ameriquest encouraged its employees and agents to pressure customers into borrowing money under short-term ARMS by any and all means necessary, including by making false promises and representations concerning the material terms of a mortgage loan.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44.    The misrepresentations, as alleged above, were made by Defendant Ameriquest's employee within the course and scope of his employment with Ameriquest.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.    The Ameriquest Program never existed and Defendant Ameriquest's employee knew that his representations to Plaintiffs were false and untrue.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.    After conferring with the employee, Plaintiff Natalie Crawford discussed the details of the Ameriquest Program with her husband.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.    Plaintiffs decided to accept a 2-year ARM from Defendant Ameriquest instead of a 30-year fixed rate mortgage because of the material misrepresentations by Ameriquest's employee about the Program.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

BN 1917888v1

48.    After Plaintiffs agreed to the 2-year ARM, a closing occurred on November 6, 2004 at Plaintiffs' home.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.    Teresa K. Aull, an employee of Defendant MIS, attended the closing as Defendant Ameriquest's agent.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.    Upon information and belief, Defendants Ameriquest and MIS had an agreement to close Plaintiffs' loan by any and all means necessary, including by making false promises and representations concerning the material terms of the loan, as well as an agreement to handle the closing and disburse the loan in an unfair and deceptive manner.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.    Upon information and belief, Teresa Aull was not an attorney and not acting under the supervision of an attorney licensed to practice law in the State of North Carolina.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

52.    Neither Defendant Ameriquest nor Defendant MIS advised Plaintiffs of their rights to have an attorney present at the closing and to have an attorney review the terms of the mortgage loan before closing.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

BN 1917888v1

53.    At the closing, Teresa Aull presented Plaintiffs with more than 20 legal documents, including the Note, briefly summarized the contents of each document, and showed Plaintiffs where to sign.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54.    Aull did not read the closing documents to Plaintiffs and was unable to answer the majority of their questions about details in the documents.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55.    During the closing, Plaintiffs questioned Aull about the Note's variable rate.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

56.    Aull told Plaintiffs not to worry about the variable rate because they had qualified for the Ameriquest Program.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

57.    Unbeknownst to Plaintiffs, the representations of Defendant MIS's employee and Defendant Ameriquest's agent concerning the Ameriquest Program were false, misleading, and intended to induce Plaintiffs into signing the Note.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

58.    Aull either knew that the Ameriquest Program did not exist and knew that her representations concerning the Program were false or had a reckless disregard for the truth or falsity of her representations.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59.    The misrepresentations, as alleged above, were made by Teresa Aull within the course and scope of her employment and agency with Defendant MIS and within the course and scope of her agency with Defendant Ameriquest.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60.    Plaintiffs then signed the Note in reliance upon the misrepresentations of Defendant Ameriquest's employee and its agent, Teresa Aull, concerning the Ameriquest Program.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.    The Note was in the total amount of $170,075.00 consisting of $163,151.190 in direct financing and $8,298.92 in settlement charges.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62.    Defendant Ameriquest received $6,287.34 in fees as a result of its loan to Plaintiffs. The fees included a loan origination fee, two appraisal/property valuation fees, a tax-related service fee, a flood search fee, an administrative fee, an application fee, and a courier fee.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.    Upon information and belief, Defendant Ameriquest received fees for services that it did not perform.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64.    Defendant MIS received $1,386.00 in fees in connection with Plaintiffs' closing. The fees included a settlement/closing fee, an abstract/title search fee, a title examination fee, a document preparation fee, title insurance, recording fees, and a reconveyance fee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65.    Upon information and belief, Defendant MIS received fees for services that it did not perform.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66.    During the 2-year term of the Note, Plaintiffs' interest rate was 6.1% per annum and their monthly mortgage payment was $1,154.20.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67.    In September, 2006, Plaintiff Natalie Crawford called Defendant Ameriquest's branch office in Greensboro, North Carolina in order to convert their 2-year ARM to a 30-year fixed rate mortgage under the Ameriquest Program.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.    At that time, Plaintiffs discovered that Defendant Ameriquest had closed all of its offices in North Carolina.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

- 14 -

69.    Plaintiff Natalie Crawford then called Defendant Ameriquest's main office in California and spoke to an Ameriquest employee about the Program.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

70.    The Ameriquest employee said that the Program did not exist and that Defendant Ameriquest would not convert the Note to a 30-year fixed interest rate.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis denies such allegations.**

71.    In January, 2007, Plaintiffs' interest rate increased to 8.1 % per annum and their monthly mortgage payment rose to $1,386.00.

**ANSWER:**    **Defendant admits that Plaintiffs' interest rate increased to 8.1% per annum in January, 2007.  Defendant admits that Plaintiffs' monthly mortgage payment was $1,373.39 for the months January 2007 to February 2007 and$1,386.44 for the months March 2007 through July 2007.  Defendant denies any remaining allegations of Paragraph 71.**

72.    In July, 2007, Plaintiffs' interest rate increased to 9.1 % and their monthly mortgage payment rose to $1,501.01.

**ANSWER:**    **Defendant admits that Plaintiffs' interest rate increased to 9.1% per annum in July, 2007.  Defendant admits that Plaintiff's monthly mortgage payment was $1,501.01 for the months August, 2007 through December, 2007.  Defendant denies any remaining allegations of paragraph 72.**

73.    In January, 2008, Plaintiffs' interest rate again increased to 10.1 % and their monthly mortgage payment rose to $1,627.24.

**ANSWER:**    **Defendant admits that Plaintiffs' interest rate increased to 10.1% per annum in January 2008.  Defendant admits that Plaintiffs' monthly mortgage payment was $1627.24 for the months January, 2008 and February 2008.  Defendant further admits that for the months March, 2008 to the present no monthly mortgage payment posted for Plaintiffs' loan.  Defendant denies any remaining allegations of Paragraph 73.**

- 15 -

74.    Plaintiffs presently owe $164,263.39 under the Note.

**ANSWER:**    **Defendant admits that, as of the date of this response, the current outstanding principal balance for Plaintiffs' loans $164,164.55. Defendant denies any remaining allegations of Paragraph 74.**

75.    Plaintiffs' Property recently appraised at $132,000.00.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76.    During the past year, Plaintiffs have attempted on numerous occasions to refinance the Note with other lenders.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77.    Plaintiffs have been unable to refinance the Note in light of their indebtedness to Defendant Ameriquest as well as the nature and value of their Property.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

78.    Plaintiffs' financial condition is substantially the same as it was in October and November, 2004. While Plaintiffs could afford the $1,154.20 monthly mortgage payment, they cannot afford their present monthly obligation in the amount of $1,627.24.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

79.    Defendant Ameriquest knew or reasonably should have known in October and November, 2004 that Plaintiffs did not have the financial ability to make the monthly mortgage payments once their initial 2-year fixed interest rate expired.

- 16 -

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

**FIRST CLAIM FOR RELIEF: FRAUD**

80.     The allegations set forth in the preceding paragraphs are incorporated herein by reference.

**ANSWER:**     **Defendant incorporates its answers to paragraphs 1-79 in response to this paragraph.**

81.     On or about October 18, 2004 and November 6, 2004, Defendant Ameriquest's employee and closing agent made false representations to Plaintiffs concerning the Ameriquest Program.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

82.     Defendant Ameriquest's employee knew that his representations concerning the Ameriquest Program were false and untrue.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

83.     Defendant Ameriquest's agent either knew that her representations concerning the Ameriquest Program were false or she acted with a reckless disregard to its truth or falsity.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

84.     Defendant Ameriquest's employee and agent intended to mislead the Plaintiffs through their false representations concerning the Ameriquest Program and to induce Plaintiffs into accepting a 2-year ARM and signing the Note.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

85.     Plaintiffs reasonably relied upon Defendant Ameriquest's material misrepresentations to their detriment, signed the Note, and are now bound to an ARM with a present annual interest rate of 10.1 % and a maximum rate of 12.1 %.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

86.     Plaintiffs signed the Note based upon Defendant Ameriquest's representations that once the initial 2-year term expired, their mortgage would be converted to a 30-year mortgage with a fixed interest rate that was better than 6.1 % per annum.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis denies such allegations.**

87.     Plaintiffs have been damaged by their reliance upon Defendant Ameriquest's misrepresentations.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and on that basis denies such allegations.  Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

88.     Plaintiffs are entitled to have the Note reformed so that it corresponds to their agreement with Defendant Ameriquest.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and on that basis denies such allegations.**

89.     Plaintiffs request that the Court issue an order which reforms the Note to reflect a 30-year term beginning on January 1, 2007 with a fixed interest rate that does not exceed 6.1% per annum.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis denies such allegations.**

**SECOND CLAIM FOR RELIEF:**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**

90.     The allegations set forth in the preceding paragraphs are incorporated herein by reference.

**ANSWER:**     **Defendant incorporates its answers to paragraphs 1-89 in response to this paragraph.**

91.     At all times relevant to the Amended Complaint, Defendant Ameriquest operated a residential mortgage lending business.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and on that basis denies such allegations.**

92.     In its dealings with Plaintiffs, Defendant Ameriquest's conduct violated N.C. Gen. Stat.§75-1.1 in one or more of the following ways:

  a.     By inducing Plaintiffs to borrow more money than they otherwise intended through the use of an appraisal that was not conducted in accordance with the Uniform Standards of Professional Appraisal Practice and had no basis in fact;

  b.     By inducing Plaintiffs to sign the Note through material misrepresentations and false promises concerning the Ameriquest Program;

  c.     By failing to notify Plaintiffs of their rights to have an attorney present at closing and to have an attorney review the loan documents before closing;

  d.     By failing to provide Plaintiffs, within three days of their loan application, a HUD-approved special information booklet and good faith estimate of settlement costs as required by 12 U.S.C. §2604;

  e.     By failing to notify Plaintiffs that its closing agent was not an attorney and, upon information and belief, not supervised by an attorney who was licensed to practice law in the State of North Carolina;

- 19 -

f.   By failing to act in good faith or to fairly deal with Plaintiffs in the course of the mortgage loan transaction;

g.   By engaging in conduct in the course of a mortgage loan transaction prohibited under N.C. Gen. Stat. §53-243.11;

h.   By knowingly and intentionally making a consumer home loan which refinanced an existing mortgage without providing a reasonable, tangible net benefit to Plaintiffs under the circumstances, in violation of N.C. Gen. Stat. §24-10.2(e);

i.   By making a consumer home loan that it knew or reasonable should have known Plaintiffs would be unable to repay after the initial 2-year fixed interest rate expired;

j.   Upon information and belief, by receiving closing fees for services that were not actually performed; and,

k.   In such other and further ways as may be shown by the evidence.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and on that basis denies such allegations.  Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

93.   In its dealings with Plaintiffs, Defendant Ameriquest's conduct was in commerce or affected commerce.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and on that basis denies such allegations.**

94.   At all times relevant to the Amended Complaint, Defendant MIS operated a business that provided real estate closing services to mortgage lenders, including Defendant Ameriquest.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and on that basis denies such allegations.**

95.   In its dealings with Plaintiffs, Defendant MIS's conduct violated N.C. Gen. Stat. §75-1.1 in one or more of the following ways:

BN 1917888v1

a.    By inducing Plaintiffs to sign the Note through material misrepresentations and false promises concerning the Ameriquest Program;

b.    By failing to notify Plaintiffs of their rights to have an attorney present at closing and to have an attorney review the loan documents before closing;

c.    By failing to notify Plaintiffs that its closing agent was not an attorney and, upon information and belief, not supervised by an attorney who was licensed to practice law in the State of North Carolina;

d.    By engaging in the unauthorized practice of law in violation of N.C. Gen. Stat. §84-1, et seq.;

e.    Upon information and belief, by receiving closing fees for services that were not actually performed; and,

f.    In such other and further ways as may be shown by the evidence.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis denies such allegations.**

96.    In its dealings with Plaintiffs, Defendant MIS's conduct was in commerce or affected commerce.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and on that basis denies such allegations.**

97.    Upon information and belief, Defendants Ameriquest and MIS had an agreement to close Plaintiffs' loan and to conduct the closing (including the disbursement of fees) in ways that violated N.C. Gen. Stat. §75-1.1.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and on that basis denies such allegations.**

98.    Plaintiffs were damaged as a direct and proximate result of the unfair and deceptive acts and practices committed in furtherance of the civil conspiracy between Defendants Ameriquest and MIS.

BN 1917888v1

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis denies such allegations.**

99.    Plaintiffs' damages include, but are not necessarily limited to, additional closing fees, unnecessary closing fees, and interest on their mortgage loan in excess of 6.1% per annum.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis denies such allegations.**

100.    Plaintiffs are entitled to recover compensatory damages from Defendants Ameriquest and MIS, jointly and severally, in an amount which exceeds $10,000.00, to be trebled as allowed under N.C. Gen. Stat. §75-16.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and on that basis denies such allegations.**

101.    In the alternative, if a civil conspiracy is not found, Plaintiffs are entitled to recover compensatory damages individually from Defendant Ameriquest and/or Defendant MIS in an amount which exceeds $10,000.00, to be trebled as allowed under N.C. Gen. Stat. §75-16.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and on that basis denies such allegations.**

102.    Since September, 2006, Plaintiffs have attempted on several occasions to refinance their mortgage with Defendant Ameriquest in order to resolve this matter.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and on that basis denies such allegations.**

103.    Plaintiffs were compelled to institute this civil action after they were notified that the Ameriquest Program did not exist and that Defendant Ameriquest would not convert the Note to a 30-year fixed rate mortgage as previously promised.

BN 1917888v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and on that basis denies such allegations.**

104.     Defendant Ameriquest has refused, in an unjust and unwarranted manner, to resolve this matter, and therefore, Plaintiffs are entitled to recover a reasonable attorney's fee under N.C. Gen. Stat. §75-16.1.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and on that basis denies such allegations.**

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray the Court for a Judgment awarding the following relief.

1.     Reformation of the Note so that it reflects a 30-year mortgage term, beginning on January 1, 2007, with a fixed interest rate that does not exceed 6.1% per annum;

2.     Compensatory damages from Defendants Ameriquest Mortgage Company and Mortgage Information Services, Inc., either jointly and severally or individually, in an amount which exceeds $10,000.00 and which are trebled under N.C. Gen. Stat. §75-16;

3.     Interest as allowed by law;

4.     The costs of this civil action, including a reasonable attorney's fee under N.C. Gen. Stat. §75-16.1, from Defendants Ameriquest and MIS;

5.     A trial by jury on all issues of fact; and,

6.     Such other and further relief as the Court may deem just and proper.

**ANSWER:** **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.    Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.    Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.    Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.    Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.    As to each cause of action, Defendant is entitled to an offset.

12.    Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.    Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

- 24 -

16.    Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

Respectfully submitted,

DATED:  May 22, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Washington Mutual Specialty Mortgage,LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1917888v1

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 22nd day of May 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/  Bernard E. LeSage _____

- 26 -