**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Jason W. Crawford and Natalie J. Crawford v. Ameriquest Mortgage Company, et al.*; Case No. 1:08-CV-176 | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant AMERIQUEST MORTGAGE COMPANY ("Defendant"), by and through its

attorneys, answers the Amended Complaint of Plaintiffs JASON W. CRAWFORD and

NATALIE J. CRAWFORD ("Plaintiffs") as follows.

**AMENDED COMPLAINT**

**(Jury Trial Demanded)**

NOW COME Plaintiffs, complaining of Defendants, and allege and say as follows:

**INTRODUCTION**

1.       On November 6, 2004, Plaintiffs executed a promissory note for a 2-year

adjustable rate mortgage in reliance upon material misrepresentations by Defendant Ameriquest

Mortgage Company and its agent Defendant Mortgage Information Services, Inc.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

2.      Plaintiffs assert this civil action under North Carolina law in order to reform the promissory note on the basis of fraud and to recover monetary damages from Defendants Ameriquest Mortgage Company and Mortgage Information Services, Inc., jointly and severally as a civil conspiracy or individually (if no civil conspiracy is found), for their unfair and deceptive acts and practices during the loan process.

**ANSWER:      Defendant admits that Plaintiffs have filed a lawsuit against it.  Defendant specifically denies that it violated North Carolina law or committed any unfair or deceptive acts and practices.  Defendant denies all remaining allegations in Paragraph 1.**

## JURISDICTION AND VENUE

3.      Plaintiffs originally filed this civil action against Defendant Ameriquest Mortgage Company (hereinafter referred to as "Defendant Ameriquest") in the Superior Court of Orange County, North Carolina.

**ANSWER:      Admit.**

4.      On November 1, 2007, Defendant Ameriquest removed the action to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1332.

**ANSWER:      Admit.**

5.      On January 28, 2008, the civil action was transferred to the United States District Court for the Northern District of Illinois as a tag-along action to the Ameriquest Mortgage Co. Mortgage Lending Practices Litigation in MDL No. 1715.

**ANSWER:      Admit.**

## PARTIES

6.      Plaintiff Jason W. Crawford is a citizen and resident of Orange County, North Carolina.

BN 2053605v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7.     Plaintiff Jason W. Crawford was born on March 29, 1976 and he is presently 32 years old.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8.     Plaintiff Natalie J. Crawford is a citizen and resident of Orange County, North Carolina.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9.     Plaintiff Natalie J. Crawford was born on December 24, 1977 and she is presently 30 years old.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10.     Plaintiffs are married to one another and have two young children.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11.     Plaintiffs are the owners of real property located at 1127 Crawford Dairy Road, Chapel Hill, North Carolina 27516 and described with greater particularity in a Deed that was recorded in Book 2045 at Page 159 of the Orange County Registry (hereinafter referred to as the "Property").

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

12.    Plaintiffs' Property consists of a one-story manufactured home and approximately two acres of land.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13.    Plaintiffs purchased the Property in 2000 for $110,000.00.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14.    Defendant Ameriquest is a Delaware corporation that is duly licensed to conduct business in the State of North Carolina. Its registered agent in North Carolina is National Registered Agents, Inc., 120 Penmarc Drive, Raleigh, NC 27603.

**ANSWER:    Defendant admits that it is a corporation that is incorporated in a state other than Illinois.  Defendant does not object to service.  Defendant denies the remaining allegations in Paragraph 14.**

15.    At all times relevant to this Amended Complaint, Defendant Ameriquest was duly licensed by the North Carolina Commissioner of Banks as a mortgage lender and engaged in the business of residential mortgage lending.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16.    In its dealings with Plaintiffs, as alleged herein, Defendant Ameriquest acted as a mortgage broker and mortgage lender as those terms are defined under N.C. Gen. Stat. §55-243.01 of the North Carolina Mortgage Lending Act.

**ANSWER:    Because Paragraph 16 states a conclusion of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

17.    Defendant Mortgage Information Services, Inc. (hereinafter referred to as "Defendant MIS") is an Ohio corporation that is duly licensed to conduct business in the State of

BN 2053605v1

North Carolina. Its registered agent in North Carolina is CT Corporation System, 225

Hillsborough, Street, Raleigh, NC 27603.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

18.     In its dealings with Plaintiffs, as alleged herein, Defendant MIS acted as

Defendant Ameriquest's agent.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

19.     Defendant WM Specialty Mortgage LLC is a Delaware limited liability company.

Its registered agent in Delaware is Corporation Service Company, 2711 Centerville Road, Suite

400, Wilmington, DE 19808.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

20.     Defendant Ameriquest is the legal holder of an Adjustable Rate Note that was

executed by Plaintiffs on November 6, 2004 (hereinafter referred to as the "Note").

**ANSWER:**     **Denied.**

21.     In the alternative, Defendant WM Specialty Mortgage LLC is the legal holder of

the Note.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22.     The Note is secured by a Deed of Trust on Plaintiffs' Property.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2053605v1

23.     Defendants WM Specialty Mortgage LLC is solely named in this action as a necessary party.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTUAL ALLEGATIONS

24.     The allegations set forth in the preceding paragraphs are incorporated herein by reference.

**ANSWER:     Defendant restates its answers to Paragraphs 1-23 in answer to this paragraph.**

25.     In October, 2004, Plaintiffs had a fixed rate mortgage on their Property with an outstanding balance of $95,854.64.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26.     During the week of October 11th, Plaintiffs attended the North Carolina State Fair and picked up an Ameriquest pamphlet which advertised Ameriquest's mortgage opportunities.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.     On or about October 16, 2004, Plaintiffs examined Ameriquest's website and submitted an online application to refinance their residential mortgage while consolidating approximately $31,000.00 of consumer debt.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

28.     In their application, Plaintiffs requested a 30-year fixed rate mortgage in the amount of $126,889.96.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

29.    After receiving the application, Defendant Ameriquest neglected to provide Plaintiffs with (1) an HUD-approved special information booklet and (2) a good faith estimate of the settlement costs.

**ANSWER:**    **Denied.**

30.    On or about October 18, 2004, a male Ameriquest employee contacted Plaintiff Natalie J. Crawford (referred to herein as "Plaintiff Natalie Crawford") to discuss their online application.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31.    During their conversation, Plaintiff Natalie Crawford told the Ameriquest employee that Plaintiffs were interested in a 30-year fixed rate mortgage.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

32.    In response, the employee said that Ameriquest would appraise the Property in order to determine the type of mortgage that Ameriquest could offer Plaintiffs.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

33.    A few hours later, the Ameriquest employee called Plaintiff Natalie Crawford and told her that Plaintiffs' Property had appraised for $203,000.00.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2053605v1

34.     Upon information and belief, and unbeknownst to Plaintiffs, the appraisal was not conducted in accordance with the Uniform Standards of Professional Appraisal Practice and had no basis in fact.

**ANSWER:**     **Because Paragraph 34 states a conclusion of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

35.     The appraisal was completed by Defendant Ameriquest in order to induce Plaintiffs into borrowing more money than they otherwise intended.

**ANSWER:**     **Denied.**

36.     Because of the appraisal, Plaintiffs ultimately decided to borrow approximately $40,000.00 more from Defendant Ameriquest in order to consolidate all of their remaining consumer debt.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

37.     After he communicated the Property's appraised value, the Ameriquest employee began pressuring Plaintiff Natalie Crawford to borrow greater sums of money under a 2-year adjustable rate mortgage ("ARM") with an initial 6.1% per annum interest rate.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

38.     Plaintiff Natalie Crawford told the Ameriquest employee that she and her husband were not interested in a 2-year ARM and that they wanted a 30-year fixed rate mortgage.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

39.     The Ameriquest employee responded by telling Plaintiff Natalie Crawford that she and her husband qualified for an Ameriquest program which allowed them to convert, within

two years, the 2-year ARM to a 30-year fixed rate mortgage at a rate better than 6.1%

(hereinafter referred to as the "Ameriquest Program" or "Program").

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

40.     The Ameriquest employee told Plaintiff Natalie Crawford that in order to

complete the conversion, she simply needed to call Ameriquest a couple months before the initial

2-year term was set to expire on the ARM.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

41.     In addition, the Ameriquest employee assured Plaintiff Natalie Crawford that the

Ameriquest Program was in her family's best interests and that he was encouraging all of his

clients who qualified for the Program to take advantage of it.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

42.     Unbeknownst to Plaintiffs, the representations of Defendant Ameriquest's

employee concerning the Ameriquest Program were false, misleading, and intended to induce

Plaintiffs into accepting a two-year ARM with Defendant Ameriquest.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

43.     Upon information and belief, Defendant Ameriquest encouraged its employees

and agents to pressure customers into borrowing money under short-term ARMS by any and all

means necessary, including by making false promises and representations concerning the

material terms of a mortgage loan.

**ANSWER:     Denied.**

44.     The misrepresentations, as alleged above, were made by Defendant Ameriquest's employee within the course and scope of his employment with Ameriquest.

**ANSWER:     Denied.**

45.     The Ameriquest Program never existed and Defendant Ameriquest's employee knew that his representations to Plaintiffs were false and untrue.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

46.     After conferring with the employee, Plaintiff Natalie Crawford discussed the details of the Ameriquest Program with her husband.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

47.     Plaintiffs decided to accept a 2-year ARM from Defendant Ameriquest instead of a 30-year fixed rate mortgage because of the material misrepresentations by Ameriquest's employee about the Program.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

48.     After Plaintiffs agreed to the 2-year ARM, a closing occurred on November 6, 2004 at Plaintiffs' home.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

49.     Teresa K. Aull, an employee of Defendant MIS, attended the closing as Defendant Ameriquest's agent.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

50.    Upon information and belief, Defendants Ameriquest and MIS had an agreement to close Plaintiffs' loan by any and all means necessary, including by making false promises and representations concerning the material terms of the loan, as well as an agreement to handle the closing and disburse the loan in an unfair and deceptive manner.

**ANSWER:**    **Denied.**

51.    Upon information and belief, Teresa Aull was not an attorney and not acting under the supervision of an attorney licensed to practice law in the State of North Carolina.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

52.    Neither Defendant Ameriquest nor Defendant MIS advised Plaintiffs of their rights to have an attorney present at the closing and to have an attorney review the terms of the mortgage loan before closing.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

53.    At the closing, Teresa Aull presented Plaintiffs with more than 20 legal documents, including the Note, briefly summarized the contents of each document, and showed Plaintiffs where to sign.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

54.    Aull did not read the closing documents to Plaintiffs and was unable to answer the majority of their questions about details in the documents.

BN 2053605v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

55.     During the closing, Plaintiffs questioned Aull about the Note's variable rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

56.     Aull told Plaintiffs not to worry about the variable rate because they had qualified for the Ameriquest Program.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

57.     Unbeknownst to Plaintiffs, the representations of Defendant MIS's employee and Defendant Ameriquest's agent concerning the Ameriquest Program were false, misleading, and intended to induce Plaintiffs into signing the Note.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

58.     Aull either knew that the Ameriquest Program did not exist and knew that her representations concerning the Program were false or had a reckless disregard for the truth or falsity of her representations.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

59.     The misrepresentations, as alleged above, were made by Teresa Aull within the course and scope of her employment and agency with Defendant MIS and within the course and scope of her agency with Defendant Ameriquest.

BN 2053605v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

60.    Plaintiffs then signed the Note in reliance upon the misrepresentations of Defendant Ameriquest's employee and its agent, Teresa Aull, concerning the Ameriquest Program.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

61.    The Note was in the total amount of $170,075.00 consisting of $163,151.190 in direct financing and $8,298.92 in settlement charges.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

62.    Defendant Ameriquest received $6,287.34 in fees as a result of its loan to Plaintiffs. The fees included a loan origination fee, two appraisal/property valuation fees, a tax-related service fee, a flood search fee, an administrative fee, an application fee, and a courier fee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

63.    Upon information and belief, Defendant Ameriquest received fees for services that it did not perform.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

64.    Defendant MIS received $1,386.00 in fees in connection with Plaintiffs' closing. The fees included a settlement/closing fee, an abstract/title search fee, a title examination fee, a document preparation fee, title insurance, recording fees, and a reconveyance fee.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

65.    Upon information and belief, Defendant MIS received fees for services that it did not perform.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

66.    During the 2-year term of the Note, Plaintiffs' interest rate was 6.1% per annum and their monthly mortgage payment was $1,154.20.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

67.    In September, 2006, Plaintiff Natalie Crawford called Defendant Ameriquest's branch office in Greensboro, North Carolina in order to convert their 2-year ARM to a 30-year fixed rate mortgage under the Ameriquest Program.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

68.    At that time, Plaintiffs discovered that Defendant Ameriquest had closed all of its offices in North Carolina.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

69.    Plaintiff Natalie Crawford then called Defendant Ameriquest's main office in California and spoke to an Ameriquest employee about the Program.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

70. The Ameriquest employee said that the Program did not exist and that Defendant Ameriquest would not convert the Note to a 30-year fixed interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

71. In January, 2007, Plaintiffs' interest rate increased to 8.1 % per annum and their monthly mortgage payment rose to $1,386.00.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

72. In July, 2007, Plaintiffs' interest rate increased to 9.1 % and their monthly mortgage payment rose to $1,501.01.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

73. In January, 2008, Plaintiffs' interest rate again increased to 10.1 % and their monthly mortgage payment rose to $1,627.24.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

74. Plaintiffs presently owe $164,263.39 under the Note.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

75. Plaintiffs' Property recently appraised at $132,000.00.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2053605v1

76.     During the past year, Plaintiffs have attempted on numerous occasions to refinance the Note with other lenders.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

77.     Plaintiffs have been unable to refinance the Note in light of their indebtedness to Defendant Ameriquest as well as the nature and value of their Property.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

78.     Plaintiffs' financial condition is substantially the same as it was in October and November, 2004. While Plaintiffs could afford the $1,154.20 monthly mortgage payment, they cannot afford their present monthly obligation in the amount of $1,627.24.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

79.     Defendant Ameriquest knew or reasonably should have known in October and November, 2004 that Plaintiffs did not have the financial ability to make the monthly mortgage payments once their initial 2-year fixed interest rate expired.

**ANSWER:**     **Denied.**

## FIRST CLAIM FOR RELIEF: FRAUD

80.     The allegations set forth in the preceding paragraphs are incorporated herein by reference.

**ANSWER:**     **Defendant restates its answers to Paragraphs 1-79 in answer to this paragraph.**

81.    On or about October 18, 2004 and November 6, 2004, Defendant Ameriquest's employee and closing agent made false representations to Plaintiffs concerning the Ameriquest Program.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

82.    Defendant Ameriquest's employee knew that his representations concerning the Ameriquest Program were false and untrue.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

83.    Defendant Ameriquest's agent either knew that her representations concerning the Ameriquest Program were false or she acted with a reckless disregard to its truth or falsity.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

84.    Defendant Ameriquest's employee and agent intended to mislead the Plaintiffs through their false representations concerning the Ameriquest Program and to induce Plaintiffs into accepting a 2-year ARM and signing the Note.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

85.    Plaintiffs reasonably relied upon Defendant Ameriquest's material misrepresentations to their detriment, signed the Note, and are now bound to an ARM with a present annual interest rate of 10.1 % and a maximum rate of 12.1 %.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

BN 2053605v1

86.    Plaintiffs signed the Note based upon Defendant Ameriquest's representations that once the initial 2-year term expired, their mortgage would be converted to a 30-year mortgage with a fixed interest rate that was better than 6.1 % per annum.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

87.    Plaintiffs have been damaged by their reliance upon Defendant Ameriquest's misrepresentations.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

88.    Plaintiffs are entitled to have the Note reformed so that it corresponds to their agreement with Defendant Ameriquest.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

89.    Plaintiffs request that the Court issue an order which reforms the Note to reflect a 30-year term beginning on January 1, 2007 with a fixed interest rate that does not exceed 6.1% per annum.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**SECOND CLAIM FOR RELIEF:**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**

90.    The allegations set forth in the preceding paragraphs are incorporated herein by reference.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-89 in answer to this paragraph.**

91.    At all times relevant to the Amended Complaint, Defendant Ameriquest operated a residential mortgage lending business.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

92.    In its dealings with Plaintiffs, Defendant Ameriquest's conduct violated N.C.

Gen. Stat.§75-1.1 in one or more of the following ways:

a.    By inducing Plaintiffs to borrow more money than they otherwise intended through the use of an appraisal that was not conducted in accordance with the Uniform Standards of Professional Appraisal Practice and had no basis in fact;

b.    By inducing Plaintiffs to sign the Note through material misrepresentations and false promises concerning the Ameriquest Program;

c.    By failing to notify Plaintiffs of their rights to have an attorney present at closing and to have an attorney review the loan documents before closing;

d.    By failing to provide Plaintiffs, within three days of their loan application, a HUD-approved special information booklet and good faith estimate of settlement costs as required by 12 U.S.C. §2604;

e.    By failing to notify Plaintiffs that its closing agent was not an attorney and, upon information and belief, not supervised by an attorney who was licensed to practice law in the State of North Carolina;

f.    By failing to act in good faith or to fairly deal with Plaintiffs in the course of the mortgage loan transaction;

g.    By engaging in conduct in the course of a mortgage loan transaction prohibited under N.C. Gen. Stat. §53-243.11;

h.    By knowingly and intentionally making a consumer home loan which refinanced an existing mortgage without providing a reasonable, tangible net benefit to Plaintiffs under the circumstances, in violation of N.C. Gen. Stat. §24-10.2(e);

i.    By making a consumer home loan that it knew or reasonable should have known Plaintiffs would be unable to repay after the initial 2-year fixed interest rate expired;

j.    Upon information and belief, by receiving closing fees for services that were not actually performed; and,

k.    In such other and further ways as may be shown by the evidence.

- 19 -

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

93.    In its dealings with Plaintiffs, Defendant Ameriquest's conduct was in commerce or affected commerce.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

94.    At all times relevant to the Amended Complaint, Defendant MIS operated a business that provided real estate closing services to mortgage lenders, including Defendant Ameriquest.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

95.    In its dealings with Plaintiffs, Defendant MIS's conduct violated N.C. Gen. Stat. §75-1.1 in one or more of the following ways:

a.    By inducing Plaintiffs to sign the Note through material misrepresentations and false promises concerning the Ameriquest Program;

b.    By failing to notify Plaintiffs of their rights to have an attorney present at closing and to have an attorney review the loan documents before closing;

c.    By failing to notify Plaintiffs that its closing agent was not an attorney and, upon information and belief, not supervised by an attorney who was licensed to practice law in the State of North Carolina;

d.    By engaging in the unauthorized practice of law in violation of N.C. Gen. Stat. §84-1, et seq.;

e.    Upon information and belief, by receiving closing fees for services that were not actually performed; and,

f.    In such other and further ways as may be shown by the evidence.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

BN 2053605v1

96.     In its dealings with Plaintiffs, Defendant MIS's conduct was in commerce or affected commerce.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

97.     Upon information and belief, Defendants Ameriquest and MIS had an agreement to close Plaintiffs' loan and to conduct the closing (including the disbursement of fees) in ways that violated N.C. Gen. Stat. §75-1.1.

**ANSWER:     Denied.**

98.     Plaintiffs were damaged as a direct and proximate result of the unfair and deceptive acts and practices committed in furtherance of the civil conspiracy between Defendants Ameriquest and MIS.

**ANSWER:     Denied.**

99.     Plaintiffs' damages include, but are not necessarily limited to, additional closing fees, unnecessary closing fees, and interest on their mortgage loan in excess of 6.1% per annum.

**ANSWER:     Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

100.    Plaintiffs are entitled to recover compensatory damages from Defendants Ameriquest and MIS, jointly and severally, in an amount which exceeds $10,000.00, to be trebled as allowed under N.C. Gen. Stat. §75-16.

**ANSWER:     Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

101.    In the alternative, if a civil conspiracy is not found, Plaintiffs are entitled to recover compensatory damages individually from Defendant Ameriquest and/or Defendant MIS in an amount which exceeds $10,000.00, to be trebled as allowed under N.C. Gen. Stat. §75-16.

**ANSWER:**     **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

102.     Since September, 2006, Plaintiffs have attempted on several occasions to refinance their mortgage with Defendant Ameriquest in order to resolve this matter.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

103.     Plaintiffs were compelled to institute this civil action after they were notified that the Ameriquest Program did not exist and that Defendant Ameriquest would not convert the Note to a 30-year fixed rate mortgage as previously promised.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

104.     Defendant Ameriquest has refused, in an unjust and unwarranted manner, to resolve this matter, and therefore, Plaintiffs are entitled to recover a reasonable attorney's fee under N.C. Gen. Stat. §75-16.1.

**ANSWER:**     **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

BN 2053605v1

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not CitiFinancial, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of CitiFinancial described in the Complaint.

11.     As to each cause of action, CitiFinancial is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because CitiFinancial has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.

Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

**<u>PRAYER</u>**

Defendant Ameriquest Mortgage Company prays this court to:

1.      Dismiss plaintiffs' Complaint;

2.      Enter judgment for defendant Ameriquest and against Plaintiffs in this action;

3.      Award Ameriquest its costs of suit; and

4.      Grant Ameriquest any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  June 26, 2008                    By:  /s/ Bernard E. LeSage
                                              *Attorneys for Ameriquest Mortgage*
                                              *Company*

                                         Bernard E. LeSage, Esq.
                                         Sarah K. Andrus, Esq.
                                         BUCHALTER NEMER, a P.C.
                                         1000 Wilshire Boulevard, Suite 1500
                                         Los Angeles, CA 90017-2457
                                         Telephone: (213) 891-0700
                                         Facsimile: (213) 896-0400

BN 2053605v1

## **CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 26th day of June 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  _____/s/  Bernard E. LeSage_____

- 25 -